IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:10cr285 (JCC/TCB) |
| | ) | |
| JUAN JOSE MEJIA-RAMIREZ, | ) | |
| Petitioner. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion"). [Dkt. 29.] For the following reasons, the Court will deny Petitioner's Motion.

**I. Background**

Petitioner pleaded guilty on September 29, 2010, to a single-count indictment charging him with unlawfully reentering the United States after being deported or removed from the United States following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). [Dkt. 13.] His plea was pursuant to a plea agreement. [Dkt. 14.] On January 21, 2011, this Court sentenced Petitioner to a term of 46 months' imprisonment,

1

plus three years' supervised release. [Dkt. 27.] Petitioner did not appeal the judgment of conviction.

On February 13, 2012, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion") with the prison authorities, which this Court received on February 16, 2012. [Dkt. 29.] Petitioner filed a "Motion for Leave of Court to Amend/Supplement 28 USC 2255 with Claims relating back to Movant's Immigration Penalty" ("Motion to Amend") on March 22, 2012. [Dkt. 34.] The Court granted this motion on March 30, 2012 [Dkt. 35] but Petitioner did not file a separate amended § 2255 motion in addition to the supplemental claims he included in his Motion to Amend. The Government, pursuant to Court Order, filed a brief in opposition to petitioner's § 2255 motion on May 5, 2012. [Dkt. 36.] On May 11, 2012, Petitioner filed a Motion for an Extension of Time to File Supplemental Pleading Under 28 U.S.C. § 2255 [Dkt. 37], which this Court granted on May 16, 2012 [Dkt. 38]. On June 20, 2012, Petitioner filed a "Traverse in Response to United States Opposition in Response to the 28 U.S.C. § 2255 Motion to Vacate and Set Aside Sentence." [Dkt. 39.]

Petitioner's Motion is before the Court.

**II. Analysis**

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (requiring district courts to furnish habeas petitioners an opportunity to provide facts contesting the application of the statute of limitations prior to dismissing petition *sua sponte* as untimely); *United States v. Sexton*, 56 F. App'x 202 (4th Cir. 2003) (applying *Hill* to a § 2255 Motion).

In its response, the Government argues that Petitioner's Motion should be dismissed as untimely because

it was filed more than one year from the relevant triggering date for the limitations period: the date on which the judgment of conviction became final. (Govt. Resp. [Dkt. 36] at 4-5; *see also* Pet. Mot. [Dkt. 29] at 8 (acknowledging judgment of conviction as relevant date for the statute of limitations).) If a defendant does not file a direct appeal, his conviction becomes final for purposes of § 2255(f)(1) when the time period for noticing a direct appeal expires. (*See United States v. Johnson*, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (*per curiam*); *Arnette v. U.S.*, No. 4:01-cr-16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005); *see also Clay v. United States*, 537 U.S. 522, 525 (2003). In this case, this Court entered judgment on January 21, 2011. [Dkt. 28.] Petitioner had fourteen days from that date to file a notice of appeal, a period which expired on February 7, 2011. (Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(1).) Since Petitioner did not file a direct appeal, his conviction became final for purposes of § 2255(f)(1) on February 7, 2011. As a result, Petitioner had until February 7, 2012 to file his Motion. The earliest that the Motion could be considered filed is the date on which he delivered the motion to prison authorities for mailing. (*See Johnson*, 2000 WL 37753, at *1; *see also Houston v.*

4

*Lack*, 487 U.S. 266, 276 (1988).) According to Petitioner's motion and accompanying certificate of filing and service, he signed and submitted the Motion to prison authorities on February 13, 2012. (Pet. Mot. [Dkt. 29] at 8-9.)[1] As a result, Petitioner filed his motion beyond the one-year statute of limitations. The Government's argument on this issue in its response brief provided Petitioner with the required notice to address the timeliness of his motion. (*See Arnette*, 2005 WL 1026711, at *2; *Hill*, 277 F.3d at 707). Petitioner failed to address this timeliness issue in any of his filings subsequent to the Government's response. As a result, the Court concludes that Petitioner's Motion is time-barred and must be denied.

### III.  Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

|  |  |
|---|---|
| November 20, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[1] The Court notes that the certificate of filing and service has a pre-printed year of 2011, as well as month and date blanks which Petitioner filed in as February 13. However, on the previous page of the motion, Petitioner wrote out February 13, 2012 as the date on which he signed and executed his motion. (Pet. Mot. [Dkt. 29] at 8.) Based on this, the Court views the year on the certificate of filing and service as an error caused by the pre-printing of the year.

5